UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

DEDRA DE LA ROSA

                              Plaintiff,

        -against-

128 WOOSTER, LLC AND ISSEY MIYAKE
U.S.A. CORP.

                            Defendants.
----------------------------------------------------------------x

**1:22 CV 06624**

**COMPLAINT**

**JURY TRIAL REQUESTED**

## <u>COMPLAINT</u>

Plaintiff Dedra De La Rosa (hereafter also referred to as "Plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against Defendants 128 Wooster, LLC and Issey Miyake U.S.A. Corp. (together referred to as "Defendants"), hereby alleges as follows:

### <u>NATURE OF THE CLAIMS</u>

1.   Plaintiff, Dedra De La Rosa, is an individual with a mobility disability due to a physiological condition that prevents her from walking.

2.   Unable to ambulate using her musculoskeletal system, Plaintiff requires a wheelchair for mobility.

3.   Pleats Please is a clothing store located at 126 Prince Street, New York, NY (hereinafter also referred to as "Pleats Please Soho").

4.   Plaintiff brings this action because Defendants deny her full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations

("equal access") of their place of public accommodation, Pleats Please Soho, on the basis of disability.

5.   Defendants maintain architectural elements which function as barriers to wheelchair access ("architectural barriers") at Pleats Please Soho.

6.   The architectural barriers at Pleats Please Soho deny entry to Plaintiff and obstruct her ability to access the publicly available offerings at the premises as she uses a wheelchair for mobility.

7.   By barring and hindering wheelchair users access to Pleats Please Soho, Defendants deny Plaintiff the opportunity to patronize their place of public accommodation based on disability.

8.   Defendants discriminate against Plaintiff on the basis of disability as they deny her equal access to Pleats Please Soho due to her use of a wheelchair for mobility.

9.   In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff.

10. Defendants unlawfully discriminate against Plaintiff in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et seq.* and its implementing regulations; the New York Human Rights Law ("State HRL"), New York Executive Law ("N.Y. Exec. Law") Article 15; the New York Civil Rights Law, § 40 *et seq.* ("N.Y. CRL"); and the New York City Human Rights Law ("City HRL"), Administrative Code of the City of New York ("N.Y.C. Admin. Code") Title 8.

11. As explained more fully below, Defendants own, lease, lease to, operate, and control a place of public accommodation through which they violate each of the laws that

2

prohibit disability discrimination: the ADA, the State HRL, the N.Y. CRL and the City

HRL (collectively, the "Human Rights Laws").

12. Defendants violate the Human Rights Laws through their actions, and those of

their agents and employees.

13. Defendants are vicariously liable for the acts and omissions of their

employees and agents for the conduct alleged herein.

14. Defendants chose to ignore the explicit legal requirements that obligate them

to make their place of public accommodation physically accessible and usable by persons

with disabilities[1].

15. By ignoring their obligation to provide an accessible place of public

accommodation, Defendants reveal their indifference to Plaintiff's (and other individuals

with disabilities') right to equal access to their publicly available place, Pleats Please

Soho.

16. Aware that their decision to maintain architectural barriers in violation of the

Human Rights Laws would be indiscernible most persons, Defendants presumed they

would never need to comply and make their place of public accommodation accessible.

17. Plaintiff, however, acts to right Defendants' wrongs. Therefore, Plaintiff seeks

to compel Defendants to make their place of public accommodation physically accessible

and usable to individuals with disabilities so that Plaintiff, and other persons with

_____

[1] As used in Plaintiff's Complaint the terms "accessible" and "readily accessible to and
usable by" mean that the place of public accommodation complies with the design and
construction standards referenced in Plaintiff's Complaint and can be approached,
entered, and used by people having physical disabilities.  *See* 42 U.S.C. § 12183, 28
C.F.R. § 36.406, and N.Y.C. Admin. Code § 27-232; and § 28-1102.1.

mobility disabilities, can have the opportunity to fully and equally enjoy the goods, services, facilities, privileges, advantages, and accommodations that Defendants offer customers without disabilities.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as Plaintiff's claims involve federal questions regarding the deprivation of Plaintiff's rights under the ADA.

19. This Court also has supplemental jurisdiction over Plaintiff's State HRL, N.Y. CRL, and City HRL claims pursuant to 28 U.S.C. § 1367(a).

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' discriminatory acts alleged herein occurred in this district and Defendants' place of public accommodation is located in this district.

## PARTIES

### *Plaintiff*

21. Plaintiff suffers from a physiological condition that inhibits her ability to walk and which restrict her body motion range and movement.

22. Due to her impairment, Plaintiff uses a wheelchair for mobility.

23. At all times relevant to this action, Plaintiff Dedra De La Rosa has been and remains a resident of the State and City of New York.

24. Plaintiff enjoys Soho, the neighborhood in which Pleats Please Soho is located.

25. Plaintiff goes to Soho approximately three or more times a month.

26. Plaintiff goes to Soho to shop and enjoy the neighborhood.

4

27. When in Soho, plaintiff visits clothing stores and other places that do not have barriers to wheelchair access.

28. Within the three years prior to filing this Complaint action, Plaintiff has visited and desired to enter Pleats Please Soho.

29. During the week of May 23, 2022, Plaintiff visited Pleats Please Soho to shop and peruse the clothes and merchandise on display and for sale.

30. However, Plaintiff was deterred from entering Pleats Please Soho due to an architectural barrier at its entrance - a step - which she cannot traverse in her wheelchair.

31. Plaintiff desires to enter Pleats Please Soho and access its offerings when she is in Soho.

32. Despite her desire to access Pleats Please Soho, Plaintiff is deterred from doing so due to the architectural barriers at the premises detailed in paragraph 84 herein.

33. Plaintiff personally observed and has been made aware of the architectural barriers at Pleats Please Soho detailed in paragraph 84 herein.

34. The architectural barriers detailed in paragraph 84 herein exclude Plaintiff from the equal opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages, and accommodations that Defendants offer to the general public at Pleats Please Soho.

35. Plaintiff would visit the Pleats Please Soho but for the architectural barriers that deny her equal access to the premises and the offerings therein.

36. Plaintiff is therefore deterred from visiting Pleats Please Soho due to the step and other architectural barriers to access extant at the premises.

### Defendants

37. Defendant 128 Wooster, LLC is a foreign limited liability company that engages in business in New York.

38. As a limited liability company, Defendant 128 Wooster, LLC is not a governmental entity.

39. Defendant 128 Wooster, LLC owns the building located at 126 Prince Street in New York County, New York (hereinafter referred to as "126 Prince Street").

40. Defendant Issey Miyake U.S.A. Corp. is a New York Domestic Business Corporation that engages in business in New York.

41. Defendant Issey Miyake U.S.A. Corp. is not a governmental entity.

42. Upon information and belief, Defendant Issey Miyake U.S.A. Corp. owns and operates, and at all relevant times has owned and operated, Pleats Please Soho.

43. Upon information and belief, Defendant Issey Miyake U.S.A. Corp. leases Pleats Please Soho from defendant 128 Wooster, LLC.

44. Upon information and belief, 128 Wooster, LLC and Issey Miyake U.S.A. Corp. have a written lease agreement for Pleats Please Soho.

### The Place

45. Pleats Please Soho is located in downtown Manhattan, in the neighborhood known as Soho.

46. Pleats Please Soho's neighborhood is known as "one of New York City's prime shopping districts . . . [characterized by] luxury boutiques and independent-designer outposts". *SoHo | The Official Guide to New York City*, NYC: The Official

Guide, (August 3, 2022, 7:21 PM), https://www.nycgo.com/boroughs-neighborhoods/manhattan/soho/.

*47.* Pleats Please Soho's neighborhoods is also "known for its variety of shops ranging from trendy upscale boutiques to national and international chain store outlets". *SoHo, Manhattan – Wikipedia*, Wikipedia, the free encyclopedia, (August 3, 2022, 7:24 PM), https://en.wikipedia.org/wiki/SoHo,_Manhattan.

### **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

48. Pleats Please Soho is operated by private entities as no defendant is a State or local government; a department, agency, special purpose district, or other instrumentality of a State or local government; or a commuter authority. 42 U.S.C. § 12131(1) and § 12181(6).

49. The operations of Pleats Please Soho affect commerce. 28 C.F.R. § 36.104.

50. As a clothing store, Pleats Please located at 126 Prince Street is a place of public accommodation pursuant to the Human Rights Laws. *See* 42 U.S.C. § 12181 and 28 C.F.R. § 36.104; N.Y. Exec. Law § 292(9); and the N.Y.C. Admin. Code § 8-102.

51. The 126 Prince Street building in which Pleats Please Soho is located is a commercial facility subject to the ADA and the ADA Standards. *See* 42 U.S.C. § 12181(2).

52. Each of the Defendants is an entity required to comply with the Human Rights Laws as the Defendants own, lease, lease to, control or operate a place of public accommodation within the meaning of the Human Rights Laws. *See Id.*

53. "Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation

7

are 'public accommodations' subject to" the Human Rights Laws. *See* 28 C.F.R. § 36.201(b); *See also* 42 U.S.C. 12182(a); N.Y. Exec. Law §296(2)(a); N.Y.C. Admin. Code § 8-107(4)(a).

54. N.Y.C. Admin. Code § 19-152 and § 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain the public sidewalk that abuts its real property.

55. As Defendant 128 Wooster, LLC is required to maintain, repave, reconstruct, and repair the public sidewalk that abuts its property, Defendant 128 Wooster, LLC has continuously controlled, managed, and operated the public sidewalk that abuts 126 Prince Street, including the portion of the sidewalk that constitutes the entrance Pleats Please Soho.

56. Numerous architectural barriers at Pleats Please Soho prevent or restrict physical access to Plaintiff and other persons with mobility disabilities.

57. The architectural barriers at Pleats Please Soho include gateway barriers – such as a stepped entrance. These gateway barriers exclude Plaintiff and other persons with mobility disabilities from Pleats Please Soho, as they deny entry to persons that use wheelchairs.

58. Upon information and belief, Pleats Please Soho initially opened for business on or about June of 1998.

59. Upon information and belief, to create Pleats Please Soho the space at 126 Prince Street it now occupies was renovated, remodeled, and reconstructed in 1998.

60. Therefore, the work performed to build out Pleats Please Soho occurred after January 26, 1992.

61. Upon information and belief, the work performed to build out Pleats Please Soho included work to its interior space, storefront, entrance, and adjoining sidewalk.

62. Upon information and belief, the build out of Pleats Please Soho changed the way the space at 126 Prince Street now occupied by Pleats Please Soho was used.

63. The work performed to build out Pleats Please Soho included changes that affected, or which could have affected the usability of the space.

64. Upon information and belief, Defendants renovated, remodeled, and reconstructed the space Pleats Please Soho occupies in one or more of the following years: 2009, 2010, 2011, 2014, and 2018.

65. Therefore, the work Defendants performed to renovate, remodel, and reconstruct Pleats Please Soho occurred after January 26, 1992.

66. Upon information and belief, the work performed to renovate, remodel, and reconstruct Pleats Please Soho included work to its storefront, the interior of its space, and to portions of 126 Prince Street related to the Pleats Please Soho's space.

67. The work Defendants performed to renovate, remodel, and reconstruct Pleats Please Soho included changes that affected, or which could have affected the usability of the space.

68. Pleats Please Soho is therefore "altered" within the meaning of the ADA. 28 C.F.R. § 36.402(b)(1).

69. The renovated, remodeled, reconstructed spaces, areas, and elements of Pleats Please Soho, including the exterior of its entrance, constitute "altered areas" within the meaning of the ADA. *Id.*

9

70. The renovated, remodeled, reconstructed spaces, areas and elements of 126 Prince Street related to Pleats Please Soho constitute "altered areas" within the meaning of the ADA. *Id*.

71. The buildout and subsequent renovations of Pleats Please Soho were performed pursuant to architectural drawings which detailed the work that would occur to construct Pleats Please Soho. *See* N.Y.C. Admin Code §§ 27-162 and 28-104.7.1.

72. Upon information and belief, the architectural drawings specified the dimensions and placement of the architectural elements and fixtures at Pleats Please Soho. *See Id*.

73. Upon information and belief, the architectural drawings detailed the floor plan, layout, location of fixtures, flooring, entrances, demised spaces, and other architectural elements at Pleats Please Soho. *See Id*.

74. Upon information and belief, the architectural drawings also detailed the legal requirements that were to be complied with in the design and construction of Pleats Please Soho. *See Id.*

75. Upon information and belief, the legal requirements detailed in the architectural drawings included the design and construction standards that mandate the provision of physical access for persons with physical disabilities at Pleats Please Soho. *See Id.*

76. Upon information and belief, the design and construction standards referenced in the architectural drawings included:

    i. the accessibility provisions of the 1968 New York City Building Code, N.Y.C. Admin. Code § 27-292.1 *et seq*. (the "1968 BC"), inclusive of ANSI A117.1-1986

10

as modified by 1968 BC Reference Standard RS 4-6 (the "1968 Ref Std"[2], and together with the 1968 BC, the "1968 NYC Standards");

ii. the accessibility provisions of the 2008 New York City Building Code, N.Y.C. Admin. Code § 28-1101 *et seq.* [3] and Appendix E (the "2008 BC"), inclusive of ICC A117.1-2003 (the "2008 Ref Std") and together with the 2008 BC, the "2008 NYC Standards");

iii. the accessibility provisions of the 2014 New York City Building Code, N.Y.C. Admin. Code § 28-1101 *et seq*. and Appendix E (the "2014 BC"), inclusive of and ICC A117.1-2009[4] (the "2014 Ref. Std., and together with the 2014 BC, the "2014 NYC Standards").

iv. the 1991 ADA Standards for Accessible Design codified in 28 CFR part 36 Appendix A[5]; (hereinafter referred to as the "1991 ADA Standards"); and

v. the 2010 Standards for Accessible Design codified in 36 CFR part 1191 Appendices B and D, and 28 CFR part 36 Appendix A, subpart D (hereinafter referred to as the "2010 ADA Standards", and together with the 1991 ADA Standards, the "ADA Standards").

The 2014 NYC Standards, collectively with the 1968 NYC Standards and the 2008 NYC Standards, are referred to herein as the "NYC Standards". The ADA Standards together with the NYC Standards are collectively referred to herein as the "Accessibility Standards".

77. Upon information and belief, the Accessibility Standards were not complied with when the space now occupied by Pleats Please Soho was renovated, remodeled, and reconstructed in 1998 to create Pleats Please Soho.

---

[2] See N.Y.C. Admin Code §§ 27-292.2 and Reference Standard 4-6.
[3] As such provisions (N.Y.C. Admin. Code § 28-1101 and Appendix E) existed prior to the effective date (December 31, 2014) of the 2014 BC.
[4] See N.Y.C. Admin Code § 28-1101.2 and Appendix E, § § E101 and E112.
[5] Republished in 28 CFR part 36 Appendix D on Sept. 15, 2010. 28 C.F.R. § 36.104, 75 Fed. Reg. 56236, 56237 (September 15, 2010).

78. Upon information and belief, Defendants failed to comply with the Accessibility Standards when they renovated, remodeled, and reconstructed Pleats Please Soho subsequent to its 1998 buildout.

79. As Defendants had knowledge of, and specific notice regarding their obligation to comply with the Accessibility Standards, Defendants knowingly and with deliberate indifference failed to comply with the Accessibility Standards when they performed design and construction work to Pleats Please Soho and the parts of 126 Prince Street related to Pleats Please Soho's space.

80. Upon information and belief, the lease agreement for Pleats Please Soho provides that the space must comply with the Human Rights Laws and the Accessibility Standards.

81. Defendants continue their knowing refusal to comply with the Accessibility Standards, as Defendants are aware of their obligation to provide an accessible place of public accommodation.

82. As a result of Defendants' failure to comply with the Accessibility Standards, the services, features, elements, and spaces of Pleats Please Soho are not accessible to Plaintiff as required by the Human Rights Laws. *See* 42 U.S.C. § § 12182(a), § 12183(a), and § 12186(b); N.Y. Exec. Law 296(2)(a); and N.Y.C. Admin. Code §8-107(4).

83. Because Defendants failed to comply with the Accessibility Standards Plaintiff was, and remains, unable to enjoy safe and equal access to Pleats Please Soho, a place that is open and available to the general public.

84. Architectural barriers which Plaintiff encountered and those that deter her from patronizing Pleats Please Soho include, but are not limited to, the following:

12

I.    No accessible route from the public sidewalk to the public entrance.
      *Defendants fail to provide an accessible route within the site from public streets or sidewalks to the building entrance. See 1991 ADA Standards § 4.1.2(1), 2010 ADA Standards § 206.2.1, 1968 BC§ 27-292.5(b), 2008 BC § 1104.1, and 2014 BC § 1104.1.*

II.   A Step at the exterior side of the public entrance with a change in level greater than ½-inch high between the public sidewalk and the entrance.
      *Defendants fail to provide that level changes greater than 1/2-inch high are ramped. See 1991 ADA Standards § 4.3.8, 2010 ADA Standards § 303.4, 1968 Ref Std § 4.3.8., 2008 Ref Std § 303.3, and 2014 Ref Std. § 303.4.*

III.  Slopes at exterior of the public entrance that exceed 1:20 (5%) between the public sidewalk and the entrance.
      *Defendants fail to provide that the running slope of walking surfaces shall not be steeper than 1:20 (5%). See 1991 ADA Standards § 4.3.7, 2010 ADA Standards § 403.3, 1968 Ref Std § 4.3.7, 2008 Ref Std § 403.3, and 2014 Ref Std § 403.3.*

IV.   No accessible public entrance.
      *Defendants fail to provide that at least 50% of all its public entrances are accessible. See 1991 ADA Standards § 4.1.3.8(a)(i).*
      *Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 ADA Standards § 206.4.1.*
      *Defendants fail to provide that ALL its public entrances are accessible. See 1968 BC § 27-292.5, 2008 BC § 1104.1, and 2014 BC § 1105.1.*

V.    A doorway without level maneuvering clearances at the pull side of the door at the public entrance due to a step and sloping at the sidewalk.
      *Defendants fail to provide an accessible door with level maneuvering clearances. See 1991 ADA Standards § 4.13.6, 2010 ADA Standards § 404.2.4, 1968 Ref Std § 4.13.6, 2008 Ref Std § 404.2.3, and 2014 Ref Std § 404.2.3.*

VI.   Sales and service counters that are not accessible.
      *Defendants fail to provide that at least one of each type of sales and/or service counter is accessible. See 1991 ADA Standards § 7.2(1), 2010 ADA Standards § 227.3, 1968 BC § 27-292.10, 2008 BC § 1109.12.3, and 2014 BC § 1109.12.3.*

VII.  Sales and service counters that are more than 36 inches above the finish floor.
      *Defendants fail to provide an accessible portion of counter that is no greater than 36 inches above the finish floor and no less than 36 inches in length (and extends the same depth as the general sales and/or service counter) at accessible sales and/or service counters. See 1991 ADA Standards § 7.2(1), 2010 ADA Standards § 904.4, 1968 Ref Std § 4.30.4 and § 4.32.5.4, 2008 Ref Std § 904.3 and 2014 Ref Std § 904.3.*

VIII.   The exit, which is also the entrance, is not accessible.
        *Defendants fail to provide accessible means of egress in the number required by*
        *local building/life safety regulations.  See 1991 ADA § 4.1.3(9); 2010 ADA § 207.1;*
        *1968 BC §§ 27-292.1 and 27-357(d); 2008 BC § 1007.1; and 2014 BC § 1007.1.*

85. Upon information and belief, a full inspection of Pleats Please Soho will

reveal the existence of other barriers to access.

86. To properly remedy Defendants' discriminatory violations and avoid

piecemeal litigation, Plaintiff requires a full inspection of Pleats Please Soho so that she

may catalogue other architectural barriers and have Defendants remediate Pleats Please

Soho so that it is accessible to her.

87. Plaintiff therefore gives notice that, to the extent not contained in this

Complaint, she intends to amend her Complaint to include any violations of the

Accessibility Standards or Human Rights Laws discovered during an inspection of Pleats

Please Soho.

88. Defendants have denied Plaintiff the opportunity to participate in or benefit

from services or accommodations because of disability.

89. Defendants continue to discriminate against Plaintiff and other mobility

impaired customers by providing less and unequal access to its premises, services,

offerings, and accommodations than what they provide to nondisabled customers.

90. Defendants continue to discriminate against Plaintiff and other mobility

impaired customers by limiting and reducing the options available to such patrons as

compared to the options available to nondisabled customers.

91. Defendants have not satisfied their statutory obligation to ensure that their

policies, practices, procedures comply with the Human Rights Laws.

14

92. Defendants have not provided accommodations or modifications so that Plaintiff and other persons with disabilities can have equal opportunity with respect to Pleats Please Soho.

93. Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the Human Rights Laws. This threat is particularly evidenced by the fact that the architectural barriers to access within the Pleats Please Soho continue to exist and deter and deny Plaintiff from accessing Pleats Please Soho.

94. As noted above, Plaintiff frequents Soho, the neighborhood where Pleats Please Soho is located, multiple times a year.

95. Plaintiff desires to visit Pleats Please Soho when she goes to Soho but is deterred from doing so due to the architectural barriers Defendants maintain at the premises.

96. Although Plaintiff desires to visit Pleats Please Soho when she is in Soho she is frustrated because doing so is pointless: By maintaining architectural barriers at the premises, Defendants deny her the opportunity to access Pleats Please Soho based on disability – specifically, her need to use a wheelchair for mobility.

97. Although Plaintiff desires and intends to visit Pleats Please Soho she need not engage in a futile exercise – attempting to enter the space although the architectural barriers at Pleats Please Soho deny her entry and equal access to the offerings therein due to her use of a wheelchair for mobility.

98. Plaintiff desires that Defendants remove the architectural barriers at Pleats Please Soho so she can have equal access to Pleats Please Soho and avail herself of the offering therein.

15

## <u>ALLEGATIONS RELATED TO TESTER STATUS</u>

99. In addition to desiring equal access to Pleats Please Soho for herself, Plaintiff also acts as an independent advocate for the rights of similarly situated persons with disabilities.

100.    Plaintiff desires that other similarly situated persons not be denied equal access to Defendants' place of public accommodation and the 126 Prince Street commercial facility.

101.    So that other individuals that require wheelchairs benefit from her advocacy, Plaintiff is a "tester" for the purpose of protecting and enforcing her, and other similarly situated persons, right to equal access at places of public accommodation.

102.    As a tester plaintiff acts to determine and ensure that places of public accommodation are compliant with the ADA and the ADA Standards.

103.    Plaintiff therefore monitors places of public accommodation to determine that they are operated in compliance with the ADA and the ADA Standards.

104.    Plaintiff will therefore monitor Pleats Please Soho to determine and ensure that it is operated in compliance with the ADA and the ADA Standards.

105.    As a tester, Plaintiff also intends to monitor the 126 Prince Street building in which Pleats Please Soho is located to determine and ensure that it is operated in compliance with the ADA and the ADA Standards.

106.    Should Pleats Please Soho cease operating at 126 Prince Street, Plaintiff will continue to monitor the space it occupied to determine and ensure that prior to the space reopening as a place of public accommodation, it complies with the ADA and the ADA Standards.

16

107.    As a tester, Plaintiff is additionally motivated to return to Pleats Please Soho and the 126 Prince Street commercial facility within which it is located.

108.    Plaintiff also intends to return to Pleats Please Soho and the 126 Prince Street commercial facility within which it is located to monitor Defendants' compliance with their obligations under the ADA and the ADA Standards as a means of enforcing her and other similarly situated persons right to equal access.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

109.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

110.    Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.

111.    As a direct and proximate result of Plaintiff's disability, Plaintiff requires a wheelchair for mobility, and has restricted use of her arms and hands.

112.    "Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are 'public accommodations' subject to" the ADA. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(b).

113.    The ADA imposes joint and several liability on each of the owner of a building in which a place of public accommodation is located, the lessor of space in a building to a place of public accommodation, the lessee of space in a building for a place of public accommodation, and the owner or operator of the place of public accommodation. *See* 28 C.F.R. § 36.201(b).

114.    Therefore, pursuant to the ADA, each of the building owner, lessor, lessee, owner, and operator of Pleats Please Soho, a place of public accommodation is liable to Plaintiff.

115.    None of these Defendants can avoid liability under the ADA by transferring their obligations to comply with the ADA to another entity. 28 C.F.R. § 36.201(b).

116.    Defendants continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

117.    Defendants' policies and practices continue to subject Plaintiff to disparate treatment and disparate impact.

118.    By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are neither desired nor welcome as patrons of their public accommodation.

119.    Defendants performed design and construction work to build out Pleats Please Soho but failed to perform the work so that Pleats Please Soho, a place of public accommodation, complies with the 1991 ADA Standards or the 2010 ADA Standards.

120.    Because Pleats Please Soho does not comply with the ADA Standards it is not readily accessible to and usable by Plaintiff due to her mobility disability. *See* 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. § 12183(a)(1).

121.    Defendants discriminate against Plaintiff in violation of the ADA as they built a place of public accommodation that is not accessible to Plaintiff because of disability. *See* 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. § 12183(a)(1).

18

122.     Defendants fail to provide an integrated and equal setting for the disabled at Pleats Please Soho in violation of 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

123.     In violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2), Defendants failed to make Pleats Please Soho compliant with the ADA Standards (accessible) to the maximum extent feasible when they performed design and construction work that constituted alterations to Pleats Please Soho.

124.     Defendants failed to provide "readily accessible and usable" paths of travel to the altered primary function areas of Pleats Please Soho in violation of 28 C.F.R. § 36.403.

125.     Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access at Pleats Please Soho in violation of 28 C.F.R. § 36.304.

126.     It has been and remains readily achievable for Defendants to make their place of public accommodation, Pleats Please Soho, fully accessible.

127.     By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of 42 U.S.C. § 12182(a), § 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

128.     In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal to the extent the removal of any of the barriers to access was not readily achievable. 28 C.F.R. § 36.305.

129.     Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

19

130.    Defendants continue to discriminate against Plaintiff in violation of the ADA by maintaining a place of public accommodation that is not compliant with the ADA Standards, and therefore not accessible.

## SECOND CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

131.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

132.    Plaintiff suffers from medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range.

133.    As a result of her impaired bodily functions, Plaintiff suffers from a disability within the meaning of the N.Y. Exec. Law § 292(21).

134.    The State HRL guarantees the right of all individuals to equal opportunity with respect to places of public accommodations, regardless of disability. N.Y. Exec. Law § 291 and § 290.

**Section § 296(2) Violations: Denial of Equality of Opportunity.**

135.    To protect the guaranteed right of persons with disabilities to equal opportunity, the State HRL provides that it is an unlawful discriminatory practice for owners, lessees, and operators of places of public accommodation "directly or indirectly to refuse, withhold from or deny any of the accommodations, advantages, facilities or privileges" of their place of public accommodation to a person because of disability. N.Y. Exec. Law § 296(2)(a).

20

136.    Defendants engage in an unlawful discriminatory practice in violation of the State HRL as they directly or indirectly deny Plaintiff "equal opportunity" to enjoy the offerings of their place of public accommodation. N.Y. Exec. Law 296(2)(a).

137.    Defendants engage in an unlawful discriminatory practice prohibited by the State HRL as they created and maintain a place of public accommodation which is not accessible to Plaintiff due to disability. N.Y. Exec. Law § 296(2)(a).

138.    Defendants continue to discriminate against Plaintiff in violation of the State HRL by maintaining and/or creating an inaccessible place of public accommodation. N.Y. Exec. Law § 296(2).

139.    Defendants have subjected Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation because Plaintiff is disabled.

140.    Defendants continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use Pleats Please Soho because Plaintiff is disabled.

**Section § 296(2)(c) Violations: Failure to Make Readily Achievable Accommodations and Modifications.**

141.    Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of the State HRL. N.Y. Exec. Law § 296(2)(c)(iii).

142.    It remains readily achievable for Defendants to remove the barriers to access.

143.    Defendants cannot demonstrate that the removal of the barriers to access is not readily achievable. N.Y. Exec. Law § 296(2)(c)(iii) and (v).

21

144.     Alternatively, should Defendants demonstrate that the removal of any barriers to access is not readily achievable, Defendants discriminate in violation of the State HRL as they fail to provide persons with disabilities, including Plaintiff, equal opportunity to enjoy the privileges, advantages, and accommodations they offer at their place of public accommodation through alternative methods. N.Y. Exec. Law § 296(2)(c)(v).

145.     It would be readily achievable to make Defendants' place of public accommodation accessible through alternative methods.

146.     Defendants have failed to make reasonable modifications to their policies, practices, and procedures necessary to provide Plaintiff with access to their place of public accommodation, and the privileges, advantages, or accommodations they offer therein in violation of the State HRL. N.Y. Exec. Law § 296(2)(c)(i).

147.     Defendants cannot demonstrate that modifying their policies, practices and procedures would fundamentally alter the nature of their facility of the privileges, advantages, or accommodations they offer.

148.     In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal in violation of the State HRL. N.Y. Exec. Law § 296(2)(c)(v).

149.     It is and would have been readily achievable for Defendants to make their place of public accommodation fully accessible for persons with disabilities.

150.     It does not and would not have imposed an undue hardship or undue burden on Defendants to have made their place of public accommodation fully accessible for persons with disabilities.

**Section 296(6) Violations: Aid and Abet Discrimination.**

151.    Under the State HRL it is "an unlawful discriminatory practice for any

person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under

this article, or to attempt to do so". N.Y. Exec. Law § 296(6).

152.    Each of the Defendants have aided, abetted, incited, compelled, or coerced

others to engage in unlawful discriminatory practices.

**Section 300: The State HRL's Liberal Construction Requirement.**

153.    In 2019, the New York State legislature amended the Executive Law to

provide increased protections for classes protected by the State HRL. N.Y. Exec. Law §

300, as amended by Chapter 160 of the Laws of 2019, § 6.

154.    The 2019 amendment added language at the start of the State HRL's

Construction section (N.Y. Exec. Law § 300) to explain that the law must be:

> construed liberally for the accomplishment of the remedial purposes thereof,
> regardless of whether federal civil rights laws, including those laws with
> provisions worded comparably to the provisions of this article, have been so
> construed.

*Id*.

155.    With the 2019 amendment, the State HRL is no longer coextensive with

federal anti-discrimination law.

156.    Defendants' conduct is therefore subject to a significantly stricter standard

under the State HRL than under Federal anti-discrimination laws, including the ADA.

157.    The State HRL's stricter standards include those situations where the

ADA has provisions that are comparably worded to the State HRL's provisions. *Id*.

23

158.    Defendants must therefore provide an accessible place of public accommodation in instances where the ADA does not require Defendants to provide accessibility.

159.    As a direct and proximate result of Defendants' unlawful discrimination in violation of State HRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

160.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

<u>**THIRD CAUSE OF ACTION**</u>
**(VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)**

161.    Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

162.    Plaintiff suffers from medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range.

163.    Due to her impaired bodily functions, Plaintiff has a disability within the meaning of the City HRL. N.Y.C. Admin. Code § 8-102.

**Section 8-107(4)(a)(1)(a) Violations: Denial of Equal Opportunity.**

164.    The City HRL guarantees the right of all individuals, regardless of disability, to equal opportunity to places of public accommodations – in the words of the City HRL, the opportunity to have "full and equal enjoyment, on equal terms and conditions" to the accommodations, advantages, services, facilities, and privileges of a place of public accommodation. N.Y.C. Admin. Code § 8-107(4).

24

165.    Defendants engage in an unlawful discriminatory practice prohibited by the City HRL as they as they created and maintain a place of public accommodation which is not accessible to Plaintiff due to disability. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a).

166.    Because Defendants created and maintain a place of public accommodation that is not accessible to Plaintiff due to disability, Defendants directly and indirectly "refuse, withhold from, or deny" Plaintiff equal opportunity to enjoy the "accommodations, advantages, services, facilities or privileges" of Pleats Please Soho due to her disability.

167.    Defendants' policies and procedures inclusive of their policies of refusing to expend funds to design, create and maintain an accessible place of public accommodation is a discriminatory practice in violation of City HRL. N.Y.C. Admin. Code § 8-107 (4).

168.    Defendants' failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the City HRL. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a); see also N.Y.C. Admin. Code § 19-152 and § 7-210.

169.    Defendants' failure to provide an accessible place of public accommodation and consequent denial of equal opportunity to Plaintiff constitutes an ongoing continuous pattern and practice of disability discrimination. in violation of the City HRL. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a).

170.    Defendants discriminate against Plaintiff as they subject her to disparate impact in violation of the City HRL. N.Y.C. Admin. Code § 8-107(4).

25

171.    Defendants subject Plaintiff to disparate impact as they directly and indirectly deny Plaintiff equal opportunity to enjoy the accommodations, advantages, facilities, and privileges of their place of public accommodation because of her disability.

172.    Defendants' policies or practices, "whether neutral on their face and [or] neutral in intent"[6] result in a disparate impact to the detriment of the individuals with mobility disabilities, the protected class of which Plaintiff is a member. *See* N.Y.C Admin. Code § 8-107(17).

173.    Defendants' failure to comply with the NYC Building Code as well as their failure to expend monies to upgrade and alter Pleats Please Soho to remove obsolete features such as stepped entrances, are policies and practices that have a significantly adverse and disproportionate impact on persons with mobility disabilities, including Plaintiff.

174.    Because the result of Defendants' policy and practices is a place of public accommodation that is not accessible to people with disabilities, Plaintiff has demonstrated that Defendants' policy or practice has a disproportionately negative impact on the disabled including Plaintiff.

**Section 8-107(15) Violations: Failure to Provide Reasonable Accommodations.**

175.    Defendants also discriminate against Plaintiff in violation of the City HRL as they have not made reasonable accommodations for the needs of persons with disabilities (including by failing to remove the architectural barriers to access detailed in Paragraph 84 herein) so that individuals with disabilities, including Plaintiff, have equal

---

[6] *Levin v Yeshiva Univ.*, 96 NY2d 484, 489(2001).

opportunity to enjoy what Defendants offer at Pleats Please Soho, Defendants' place of public accommodation. N.Y.C. Admin. Code § 8-107(15)(a).

176.    Defendants have known, or should have known, that members of the public, which includes current and prospective patrons such as Plaintiff, have mobility disabilities.

177.    Defendants have known, or should have known, reasonable accommodations (including by failing to remove the architectural barriers to access detailed in Paragraph 84 herein) are required so that persons with mobility disabilities can have the equal opportunity to enjoy what Defendants offer at Pleats Please Soho.

178.    It would not cause undue hardship in the conduct of the Defendants' business to remove the architectural barriers to access detailed in Paragraph 84 herein as a reasonable accommodation for persons with disabilities.

179.    Defendant cannot demonstrate that it would cause undue hardship to the conduct of their respective businesses to remove the architectural barriers to access detailed in Paragraph 84 herein as a reasonable accommodation for persons with disabilities.

180.    Defendants' failure to provide reasonable accommodations for persons with disability, inclusive of Defendants' failure to remove the barriers to access identified in Paragraph 84, and consequent denial of equal opportunity to Plaintiff constitutes an ongoing continuous pattern and practice of disability discrimination. in violation of the City HRL. N.Y.C. Admin. Code § 8-107(4)(a)(1)(a).

**Section 8-130: The City HRL's Construction and Maximally Protective Role.**

181.    To further the City HRL's "uniquely broad remedial purposes" (Local Law No. 85 (2005) of City of New York § 7) and to ensure that it the law is "maximally protective of civil rights in all circumstances" (Local Law No. 35 (2016) of City of New York § 1), the New York City Council amended the City HRL's Construction provision, N.Y.C. Admin. Code § 8-130, in 2005 and 2016. Local Law 85 (2005), and Local Law 35 (2016).

182.    The 2005 and 2016 amendments confirm that the City HRL is not coextensive with federal or state civil rights laws "regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably worded to provisions of this title, [the City HRL,] have been so construed". N.Y.C. Admin. Code § 8-130(a), as amended by Local Law 85§ 7 and Local Law 35 § 2.

183.    The 2005 and 2016 amendments instead provide that the City HRL's protections are cumulative to the protections provided by federal or state civil rights laws, as the City HRL must "be interpreted liberally and independently of similar federal and state provisions" to accomplish the City HRL's uniquely broad and remedial purposes "as one of the most expansive and comprehensive human rights laws in the nation". Rep of Governmental Affairs Div, Comm on Civ Rights at 6 and 8, March 8, 2016, Local Law Bill Jacket, Local Law No. 35 (2016) of City of NY (Adding to Local Law 85 § 1's already explicit language which provided that the obligations imposed on entities subject to the City HRL by "similarly worded provisions of federal and state civil rights laws [are] as a floor below which the City's Human Rights law cannot fall.").

184.    The 2016 Amendments to the City Human Rights Law additionally direct that "[e]xceptions to and exemptions from the provisions of this title [(the City HRL)]

28

shall be construed narrowly in order to maximize deterrence of discriminatory conduct".
N.Y.C. Admin. Code § 8-130(b), as amended by Local Law 35 (2016) § 2.

185.    Due to the above-referenced amendments, the New York City Human
Rights Law provides significantly greater protections to its protected classes "in all
circumstances" than what the ADA and State HRL provide to persons in the same
protected classes.

186.    Defendants' conduct is therefore subject to a markedly stricter standard
under the City HRL than under Federal and state anti-discrimination law

187.    Defendants' liability under the City HRL for their conduct alleged herein
must be determined separately and independently from their liability under the ADA or
State HRL, to the extent that Defendants escape liability under the ADA or State HRL.
N.Y.C. Admin. Code § 8-130, as amended by Local Law 85 and Local Law 35.

188.    Conversely to the extent that Defendants' conduct alleged herein violates
the ADA or State HRL, Defendants automatically violate the City HRL.

189.    Therefore, Defendants' violations of the ADA, the ADA Standards, and
the State HRL alleged herein constitute discrimination under the City HRL.

190.    Defendants continue to discriminate based on disability in violation of the
City HRL (N.Y.C. Admin. Code § 8-107(4)) due to their ongoing violations of the ADA,
the ADA Standards, and the State HRL alleged herein.

191.    The City HRL's stricter standards also apply in situations where the ADA
and the State HRL have provisions that are comparably worded to the City HRL's
provisions. N.Y.C. Admin. Code § 8-130.

29

192.    Defendants must therefore provide an accessible place of public accommodation, regardless of their obligation to provide accessibility under similarly worded provisions of the ADA or the State HRL.

**Section 8-107(6) Violations: Aid and Abet Discrimination.**

193.    In violation of the City HRL, Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability. N.Y.C. Admin. Code § 8-107(6).

194.    Each of the Defendants have aided and abetted others in committing disability discrimination.

195.    Defendants' conduct constitutes an ongoing and continuous violation of the City HRL.

196.    Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law.

197.    In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' place of public accommodation.

198.    As a direct and proximate result of Defendants' unlawful discrimination in violation of the City HRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

199.    Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated,

30

egregious, and undertaken with reckless disregard to Plaintiff's rights under the City HRL.

200.    By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

201.    Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to City HRL N.Y.C. Admin. Code § 8-502.

202.    By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by diverting monies Defendants should have expended to provide an accessible space to themselves.

203.    By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space.

204.    The amounts Defendants diverted to themselves, and the unlawful revenues they gained, plus interest must be disgorged.

205.    Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

206.    Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

207.    Defendants discriminated against Plaintiff in violation of the State HRL. N.Y. Exec. Law § 290 *et seq.*

208.    Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by N.Y. CRL §§ 40-c and 40-d for each and every violation.

209.    Notice of this action has been served upon the Attorney General as required by N.Y. CRL § 40-d.

## INJUNCTIVE RELIEF

210.    Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief Ordering Defendants to alter and modify their place of public accommodation to comply with the Accessibility Standards and the Human Rights Laws, is necessary.

211.    Injunctive relief is necessary to make Defendants' place of public accommodation readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

212.    Injunctive relief is also necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, State HRL, and the City HRL.

## JURY DEMAND

32

Plaintiff demands a trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.   Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the State HRL, and the City HRL, and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.   Issue a permanent injunction ordering Defendants to close and cease all business until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, the State HRL and the City HRL, including but not limited to the violations set forth above;

C.   Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.   Award Plaintiff compensatory damages as a result of Defendants' violations of the State HRL and the City HRL;

E.   Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the City HRL;

F.   Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to N.Y. CRL §§ 40-c and 40-d;

G.   Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA, the State HRL, and City HRL; and

H.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: August 3, 2022
New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By:/s_____
Adam S. Hanski, Esq.
Attorneys for Plaintiff
40 Worth Street, 10th Floor
New York, New York 10013
Telephone: (212) 248-7400
Facsimile: (212) 248-5600
Email:ash@parkerhanski.com

34